# Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RTI HOLDING COMPANY, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12456 (JTD)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR PROTECTIVE ORDER AS TO BNA ASSOCIATES LLC'S
DEPOSITION NOTICE AND REQUESTS FOR PRODUCTION, AND/OR MOTION TO
QUASH DEPOSITION NOTICE FROM BNA ASSOCIATES LLC**

Ruby Tuesday, Inc. ("RTI" or the "Debtor"), and its debtor affiliates, as debtors

and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

hereby move the Court (this "Motion") for entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105 of title 11 of the United

States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); Rules 26, 30, and 34 of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438);  RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and  Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

Federal Rules of Civil Procedure; Rules 7026, 7030, 7034, and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Rules 7026-1 and 7030-1, granting

the Debtors a protective order relieving them from appearing at the deposition of Debtors noticed

(the "Deposition Notice") by BNA Associates LLC ("BNA"), and from responding and

objecting to the document requests (the "Document Requests") issued by BNA to Debtors;

and/or quashing the deposition notice issued by BNA to Debtors.

In support of the Motion, the Debtors, by and through their undersigned counsel,

state as follows:

## Introduction

1.        BNA is a disappointed potential bidder that sought to buy only a single

asset offered for sale as part of the Debtors' parallel marketing and plan efforts pursuant to the

Restructuring Support Agreement ("RSA") that has governed the Debtors' reorganization since

the October 7, 2020, petition date (the "Petition Date"). Prior to the Petition Date, BNA had

submitted a bid to purchase the Debtors' interests relating to their RT Lodge property located in

Maryville, Tennessee (the "RT Lodge"). Under the RSA and the Bid Procedures approved by

this Court, in the three months since the Petition Date, the Debtors have marketed their business,

pursued a sale and were prepared to conduct an auction of substantially all of their assets if they

received a "Topping Bid" – i.e., one or more bids sufficient to satisfy the Debtors' over $45

million in secured obligations that meet the other requirements for a Qualified Bid. BNA's bid

DOCS_LA:335633.5 76136/002

for only one of the Debtors' locations -- the RT Lodge -- was in the amount of $5.3 million (the

"BNA Bid") and, therefore, on its face, did not qualify as a Topping Bid.[2]

2.      Just days before this week's February 4 scheduled hearing regarding the

*Debtors' Amended Chapter 11 Plan* [Docket No. 761] (the "Plan"), BNA seeks to litigate its

unsuccessful bid by attempting to schedule a deposition of the Debtors' representatives and

demanding the production of documents.  The Deposition Notice states that the proposed

deposition is "in connection with" the Debtors' Bid Procedures Motion, Bid Procedures Order

and Plan.  Deposition Notice at 1-2. Because BNA is a disappointed bidder and not a creditor,

interest holder or other party in interest, BNA has no standing to object belatedly to the Debtors'

Bid Procedures Motion or this Court's Bid Procedures Order, or to harass the Debtors with

discovery in an apparent attempt to derail the Plan.

3.      Additionally, BNA's actions to harass the Debtors and derail the Plan

through the requested discovery in the hopes that it can "shake loose" the single asset BNA seeks

to purchase cannot be credibly explained as a legitimate concern about the sale process.  BNA

admits in papers filed with this Court that ***BNA was aware of the Debtors' bankruptcy cases***

***from their inception***.[3] As a result, if BNA truly were concerned about the sale and bidding

process contemplated by the October 2020 RSA, memorialized in the Bid Procedures proposed

---

[2] The Debtors received another submission after the Bid Deadline that, like BNA's submission, also did not qualify as a Qualified Bid or a Topping Bid, which was withdrawn. Accordingly, the BNA Bid was the only bid received for consideration.

[3] *See BNA Associates LLC's Objection to Confirmation of Plan and Cancellation of Sale and Joinder* [Docket No. 998] (the "BNA Plan Objection"), Ex. C ("Declaration of Philip Welker in Support of Maryville College's Objection to Confirmation of Debtors' Amended Chapter 11 Plan and Objection to Debtors' Assumption and Assignment of Unexpired Lease Regarding the RT Lodge"), ¶8 at 3.

DOCS_LA:335633.5 76136/002

Because that meet and confer did not resolve the Discovery issues, the Debtors have filed this

Motion. *See id.*

G.      **BNA Plan Objection**

30.     On January 29, 2021, BNA filed its BNA Associates LLC's *Objection to*

*Confirmation of Plan and Cancellation of Sale and Joinder* [Docket No. 998] ("BNA Plan

Objection"), in which it "requests that the Court direct the continuation of the sale of the assets,

including the RT Lodge" and "deny confirmation of the Plan to the extent it vests ownership of

the RT Lodge" in one of the Debtors' secured lenders, Goldman Sachs Specialty Lending Group.

BNA Plan Objection at 13.  Curiously, BNA suggests that its $5.3 million bid somehow would

be sufficient to satisfy the Debtors' secured debts (which are nearly ten times the amount of

BNA's bid) and that, by the Debtors' failure to sell the single Lodge property to BNA, the Plan

fails to satisfy the "best interests" test under section 1129(a)(7) of the Bankruptcy Code. *See*

BNA Plan Objection ¶2 at 2-3.

**Relief Requested**

31.     By this Motion, the Debtors respectfully request entry of an order, in

substantially the form attached hereto as **Exhibit A**, granting the Debtors a protective order

relieving them from attending the deposition sought pursuant to the Deposition Notice and from

responding and objecting to the Document Requests; and/or quashing the Deposition Notice.

DOCS_LA:335633.5 76136/002